United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

MIGUEL GALINDO RODRIGUEZ, et al.,
Plaintiffs,

v.

FCA US LLC, et al.,
Defendants.

Case No. 16-cv-05083-BLF

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND TERMINATING AS MOOT ALL OTHER PENDING MOTIONS**

[Re: ECF 10, 12, 16, 17]

On August 1, 2014, Plaintiffs Miguel Galindo Rodriguez and Juan Diego Guzman ("Plaintiffs") were seriously injured in a single vehicle rollover accident when the 1989 Jeep Grand Cherokee Guzman was driving suffered a left rear tire tread separation failure. Mot. 4, ECF 17. Plaintiffs allege the accident was caused by defects in the vehicle and assert causes of action for negligence, strict liability, and breach of warranty against several defendants, and seek a variety of damages, including punitive damages. *See* Ex. E to Notice of Removal ¶¶ 40, 52, ECF 1-6 ("Compl.").

After Plaintiffs filed the case in Santa Clara County Superior Court, Defendant Fiat Chrysler US LLC ("FCA US") removed the action to this Court pursuant to 28 U.S.C. § 1452. Notice of Removal 2, ECF 1. Plaintiffs now move to remand. *See generally* Mot. After reviewing the complaint and the papers on Plaintiffs' motion, the Court allowed Plaintiffs to submit a proposed amended complaint conforming to the position expressed in their briefs. *See* Order Regarding Motion to Remand ("Order"), ECF 28; Proposed Amended First Am. Compl. ("FAC"), ECF 29. The Court also granted FCA US leave to file a sur reply in response to Plaintiff's FAC. Order; Sur Reply to Pl.'s FAC ("Sur Reply"), ECF 30. The Court heard oral

argument on January 12, 2017, however Plaintiffs did not make arrangements to appear.

For the reasons set forth herein, the Court GRANTS Plaintiffs' request to file the FAC and GRANTS Plaintiffs' motion to remand, remands this action to state court, and TERMINATES as moot all other pending motions. *See* ECF 10, 12. FCA US also filed a request for judicial notice, which the Court GRANTS. ECF 20-5.

## I. LEGAL STANDARD

Federal courts have limited subject matter jurisdiction, and may only hear cases falling within their jurisdiction. Generally, a defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. The removal statute provides two basic ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states and the amount in controversy exceeds $75,000. *See id.* §§ 1441(a), (b).

The removal statutes are construed restrictively to limit removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). The Ninth Circuit recognizes a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted). Any doubts as to removability should be resolved in favor of remand. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant bears the burden of showing that removal is proper. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). If at any time before final judgment it appears that a district court lacks subject matter jurisdiction over a case that has been removed to federal court, the case must be remanded. 28 U.S.C. § 1447(c).

## II. REQUEST FOR JUDICIAL NOTICE

Before addressing the parties' arguments, the Court considers FCA US' request for judicial notice. Req. for Judicial Notice ("RJN") ¶ 2, ECF 20-5. A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). "[A] court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *Mack v.*

*S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). The court need not accept as true allegations that contradict facts that may be judicially noticed. *See Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

FCA US asks that the Court take judicial notice of five documents: (1) a copy of relevant portions of the Master Transaction Agreement ("MTA"); (2) a copy of relevant portions of the bankruptcy court's June 1, 2009 Sale Order (a) authorizing the sale of substantially all of the debtor's assets free and clear of all liens, claims, interests and encumbrances, (b) authorizing the assumption and assignment of certain executory contracts and unexpired leases in connection therewith and related procedures and (c) granting related relief; (3) a copy of the second amendment to the MTA, which amended sections 2.08 and 5.06 ("Amendment No. 2"); (4) a copy of the fourth amendment to the MTA, which amended the assumption of liability provisions ("Amendment No. 4"); and (5) the bankruptcy court's November 19, 2009 order approving Amendment No. 4. *See* RJN ¶¶ 1–5. Plaintiffs do not oppose the request for judicial notice.

True and correct copies of court records are not subject to reasonable dispute and are proper subjects of judicial notice. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). Accordingly, the Court GRANTS FCA US' request for judicial notice as to the copies of the bankruptcy court's June 1, 2009 and November 19, 2009 orders. Additionally, because Plaintiffs do not contest the accuracy of the reproduced portions of the MTA, Amendment No. 2, or Amendment No. 4, and because the accuracy of those documents cannot reasonably be questioned, the Court GRANTS FCA US' request as to those documents as well.[1]

## III. DISCUSSION[2]

FCA US relies on 28 U.S.C. § 1452 to justify removal to federal court. Notice of Removal

[1] Having ordered Plaintiffs to file a proposed amended complaint conforming to the position expressed in their briefs, the Court now GRANTS Plaintiffs' leave to file the FAC, now the operative complaint. *See* ECF 29.

[2] The facts of this case bear striking similarity to another case that recently came before a court in this district. In *Mathias v. Fiat Chrysler Automobiles, NV ("FCA")*, No. 5:16-CV-01185-EJD, 2016 WL 5109967 (N.D. Cal. Sept. 21, 2016), the plaintiff moved to remand the case after it was removed pursuant to section 1452. *Mathias* involved the same defendants as the instant case, the same Chrysler bankruptcy proceedings, and a similarly situated plaintiff. The *Mathias* court granted plaintiff's motion to remand, finding no viable basis for subject matter jurisdiction. *See generally* 2016 WL 5109967. This court agrees with the *Mathias* court's decision.

United States District Court
Northern District of California

2. According to FCA US, "Plaintiffs' allegations against FCA US are not limited to post-bankruptcy conduct and Plaintiffs' punitive damage claim is not limited to post-bankruptcy conduct." Opp'n 1, ECF 19. Plaintiffs' motion, which is very nearly a verbatim copy of the court's order in *Mathias v. Fiat Chrysler Automobiles, NV*, is not particularly helpful given the factual differences between the pleadings. Nevertheless, in their reply, Plaintiffs' clarify that their negligence claim is limited to post-bankruptcy conduct only and that accordingly, the punitive damages claim is not a "core" claim justifying bankruptcy action. Reply ISO Mot. 4, ECF 22. Further, in their FAC, Plaintiffs make plain the scope of their negligence claim as follows:

> For clarity purposes, the only negligence claim asserted against the FCA defendants is for post-bankruptcy sale negligence under California law, which recognizes that failure to conduct an adequate and timely recall or retrofit campaign may constitute negligence apart from the issue of design defect. California law also clearly recognizes that were a manufacturer became aware of dangers after the product was on the market, the jury can find that knowledge of the risk imposes a duty to warn as well as recall or retrofit. Plaintiffs claim that the FCA defendants were negligent in these regards, but make no claim for pre-bankruptcy sale negligence.

FAC ¶¶ 38, 40 (citations omitted).

In its Sur Reply, FCA US argues that the FAC does not go far enough because it includes contradictory terms in that the negligent design allegations apply to all Defendants even though Plaintiffs included additional language limiting their negligence claim against FCA to post-bankruptcy conduct. *See* Sur Reply 2–3. FCA US further argues that despite the amendments, the punitive damage claim still invokes the bankruptcy court's order under Amendment No. 4 to the MTA, and thus, must be transferred to the bankruptcy court. *Id.* at 3–5. At the hearing, FCA US requested that the Court order Plaintiffs to further amend the complaint to ensure clarity on the limits of Plaintiffs' claims against it. However, additional amendments are not required; Plaintiffs have now adequately pled that their claims against FCA US are limited to post-bankruptcy conduct.

Section 1452 permits removal of a claim or cause of action falling under the purview of 28 U.S.C. § 1334. For its part, section 1334 vests district courts with original jurisdiction of all cases under the Bankruptcy Code, or title 11. In addition, subsection (b) provides that "the district

courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

The phrase "arising under title 11" in section 1334(b) describes "those proceedings that involve a cause of action created or determined by a statutory provision of title 11." *In re Harris Pine Mills*, 44 F.3d 1431, 1435 (9th Cir. 1995) (*quoting In re Wood*, 825 F.2d 90, 96 (5th Cir. 1987)). The phrase "arising in," although less clear, "seems to be a reference to those 'administrative' matters that arise only in bankruptcy cases." *Id*. (*quoting Wood*, 825 F.2d at 97). "In other words, 'arising in' proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Id*. Claims or causes of action that are said to "arise under" or "arise in" title 11 are considered "core" bankruptcy proceedings. *Stern v. Marshall*, 564 U.S. 462, 476 (2011); *Harris Pine Mills*, 44 F.3d at 1435 (9th Cir. 1995). "They are two of the three categories of cases over which district courts have jurisdiction under 28 U.S.C. § 1334(b)." *Harris Pine Mills*, 44 F.3d at 1435.

"A nonexhaustive list of core proceedings is set out in 28 U.S.C. § 157." *Schultze v. Chandler*, 765 F.3d 945, 948 (9th Cir. 2014). In addition, the Ninth Circuit has held that because "bankruptcy courts must retain jurisdiction to construe their own orders if they are to be capable of monitoring whether those orders are ultimately executed in the intended manner," requests for the bankruptcy court to do so "must be considered to arise under title 11" and, for that reason, are core proceedings subject to federal jurisdiction under § 1334(b). *In re Franklin*, 802 F.2d 324, 326–27 (9th Cir. 1986). The Second Circuit recently held something similar, albeit finding that interpretation issues fall under the bankruptcy court's "arising in" jurisdiction. *In re Motors Liquidation Co.*, 829 F.3d 135, 153 (2d Cir. 2016).

Here, FCA US argues that Plaintiff's claim for punitive damages is a core proceeding—thereby "arising under" or "arising in" title 11 — because it requires the bankruptcy court to interpret orders it made in connection with the Chrysler bankruptcy proceedings. Notice of Removal 7; Opp'n 7.

Chrysler LLC ("Chrysler"), subsequently known as Old Carco LLC, is alleged to have designed and manufactured the vehicle involved in Plaintiffs' accident. FAC ¶ 5. Chrysler filed a

voluntary bankruptcy petition in the United States Bankruptcy Court for the Southern District of New York on April 30, 2009. FAC ¶ 10. As part of the bankruptcy proceedings, Chrysler and FCA US entered into the MTA on or about May 19, 2009, through which FCA US purchased substantially all of Chrysler's assets and assumed certain liabilities. RJN ¶ 2; Ex. A to RJN, ECF 20-6, 20-7. In relevant part, the "Assumption of Liabilities" section of the MTA states:

> Section 2.08 Assumption of Liabilities. On the terms and subject to the conditions and limitations set forth in this Agreement, at the Closing,[3] the Purchaser shall assume, effective as of the Closing, and shall timely perform and discharge in accordance with their respective terms, the Assumed Liabilities and no others. "Assumed Liabilities" means (without duplication) each of the following Liabilities of Sellers existing as of immediately prior to the Closing:
>
> . . . .
>
> (h) all Product Liability Claims[4] arising from the sale after the Closing of Products or Inventory manufactured by Sellers or their Subsidiaries in whole or in part prior to the Closing; . . . .

Ex. A I to RJN, at 8–9 (footnotes added).

The Bankruptcy Court issued an order approving the MTA on June 1, 2009, and in particular, found that the provisions of the MTA satisfied the "free and clear" sale requirements of 11 U.S.C. § 363(f). RJN ¶ 2; Ex. B to RJN, ECF 20-8.

Section 2.08(h), the assumption of liabilities provision of the MTA, was thereafter amended as follows:

> (h) (i) all Product Liability Claims arising from the sale after the Closing of Products or Inventory manufactured by Sellers or their Subsidiaries in whole or in part prior to the Closing and (ii) all Product Liability Claims arising from the sale on or prior to the Closing of motor vehicles or component parts, in each case manufactured by Sellers or their Subsidiaries and distributed and sold as a Chrysler, Jeep, or Dodge brand vehicle or MOPAR brand part, solely to the extent such Product Liability Claims (A) arise directly from motor vehicle accidents occurring on or after Closing,

---

[3] The "Closing" is the name given to the meeting at which transfers required by the MTA were to be executed.

[4] The MTA defines a "Product Liability Claim" to include "any action or action taken or otherwise sponsored by a customer arising out of, or otherwise relating to in any way in respect to claims for personal injury, wrongful death or property damages resulting from exposure to, . . . property damages, product recalls, defective material claims, merchandise returns and/or similar claims, or any other claim or cause of action" with respect to products or items purchased by Chrysler. Ex. A to Notice of Removal at 90.

> (B) are not barred by any statute of limitations, (C) are not claims including or related to any alleged exposure to any asbestos-containing material or any other Hazardous Material and (D) do not include any claim for exemplary or punitive damages.

Ex. E to RJN, at 3, ECF 20-11 ("Amendment No. 4"). The Bankruptcy Court issued an order approving Amendment No. 4 on November 19, 2009. RJN ¶ 5.

FCA US contends that because the MTA outlines its product liability for vehicles designed, manufactured, and sold before the Closing, and because Amendment No. 4 controls the scope of its liability for punitive damages for claims based on those vehicles, Plaintiffs' punitive damages request requires the bankruptcy court to interpret the MTA and Amendment No. 4 to determine whether the claim is barred. Notice of Removal 5; Opp'n 1. The problem with FCA US' argument, however, is that neither the MTA nor Amendment No. 4 applies to Plaintiff's punitive damages claim, and for that reason, does not require the bankruptcy court to engage in any interpretation of those orders. This is so because in their FAC, Plaintiffs have made clear that other than their strict liability claims, they are not asserting a negligence claim against FCA US for any pre-bankruptcy conduct. FAC ¶¶ 38, 40; *see also* Compl. ¶40; Reply ISO Mot. 4 ("[T]he clear negligence claim in paragraph 40 [of the complaint] directly focuses on post-bankruptcy conduct only, not pre-bankruptcy conduct." (emphasis omitted)). Whether Plaintiffs can succeed on their claims in light of the facts is of no concern to the Court. *See* Opp'n 2.

Plaintiffs' demand for punitive damages is in relation to their negligence claim, and because they seek to hold FCA US liable for only post-bankruptcy conduct, they could not possibly seek punitive damages for any pre-bankruptcy conduct. Plaintiffs admit as much in their briefs. Reply ISO Mot. 5. Accordingly, in the manner pled in the FAC, the punitive damages request is a so-called "independent claim," based only on FCA US' "own post-closing wrongful conduct." *In re Motors Liquidation Co.*, 829 F.3d at 157. "These sorts of claims are based on . . . post-petition conduct, and are not claims that are based on a right to payment that arose before the filing of petition or that are based on pre-petition conduct." *Id.* Consequently, Plaintiffs' independent punitive damages claim is outside the scope of the MTA's "free and clear" provision under § 363(f). *Id.* Indeed, a "free and clear" approval order "'cannot be extended to include . . . claimants whom the record indicates were completely unknown and unidentified at the time [the

debtor] filed its petition and whose rights depended entirely on the fortuity of future occurrences.'" *Id.* at 39 (*quoting Lemelle v. Universal Mfg. Corp.*, 18 F.3d 1268, 1277 (5th Cir. 1994)).

In short, the punitive damages claim is not a "core" claim because there is nothing for the bankruptcy court to do in relation to it. The MTA and Amendment No. 4 simply do not govern the claim, and the orders approving those documents need not be interpreted to determine whether the claim is permissible. Accordingly, FCA US has not established federal jurisdiction under section 1334(d) and has not established that the removal was proper under section 1452. In the absence of a viable basis for subject matter jurisdiction in this Court, Plaintiffs' motion to remand must be granted.

## IV. ATTORNEY'S FEES AND COSTS

Plaintiffs have also requested attorneys' fees and expenses "given the existence of precedent directly on point." *See* ECF 16. Under 28 U.S.C. § 1447(c), "[a]n order remanding [a] case [from federal to state court] may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In interpreting this provision, the U.S. Supreme Court has held that, "[a]bsent unusual circumstances, courts may award attorney's fees . . . only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The Court finds that this case does not warrant attorney's fees because the decision in *Mathias* is not binding precedent, and because FCA US removed the case before the *Mathias* court issued its opinion, Therefore, the Court finds that FCA US had an objectively reasonable basis for seeking removal, and DENIES Plaintiffs' request for attorney's fees.

## V. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The request to file the FAC is GRANTED.
2. The motion to remand is GRANTED.
3. The Court DENIES Plaintiffs' request for attorney's fees and costs.
4. The Clerk shall REMAND this case to Santa Clara County Superior Court. All

United States District Court
Northern District of California

other matters are TERMINATED and VACATED.

**IT IS SO ORDERED.**

Dated: January 23, 2017

BETH LABSON FREEMAN
United States District Judge